[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2005
THOMAS K. KAHN
CLERK

No. 04-13230
Non-Argument Calendar

_____

BIA Nos. A79-044-246 & A79-044-247

CESAR ELIU ROMERO-RODRIGUEZ,
MAYCOL JESUS ROMERO-RODRIGUEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(May 10, 2005)

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

Through counsel, Cesar Eliu Romero-Rodriguez ("Cesar") and his brother, Maycol Jesus Romero-Rodriguez ("Maycol") (collectively "the petitioners"), petition for review of the Board of Immigration Appeal's ("BIA") final order, affirming, without opinion, the Immigration Judge's ("IJ") decision denying them asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Because the petitioners removal proceedings were commenced after 1April 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996), govern their petition for review. A review of the record does not compel the conclusion that the petitioners suffered past persecution or had a well-founded fear of future persecution and indicates that substantial evidence supports the IJ's finding that the petitioners failed to demonstrate their eligibility for asylum. Moreover, because the burden of proof for withholding of removal under the INA and the CAT is higher than that for asylum, the IJ also properly denied the petitioners withholding of removal. Accordingly, the petition for review is **DENIED**.

# I. BACKGROUND

On or about 21 September 2001, the petitioners, natives and citizens of Honduras, entered the United States without being admitted or paroled. See R1 at 357, 445. That same day, the Immigration and Naturalization Service ("INS") served the petitioners with Notices to Appear in Removal Proceedings. At an initial hearing before an IJ, the petitioners, through counsel, conceded their removability, but indicated their intent to submit applications for asylum and withholding of removal under the INA and the CAT.

The IJ issued a decision with respect to each petitioner and made similar findings in both cases. The IJ found that the testimony of both petitioners was "generally" or "fairly consistent" with their asylum applications, with the exception that their applications stated that they first were recruited in 1994, while they testified that they first were approached by the gang in 1999. R1 at 24, 48. The IJ indicated, however, that he was concerned with the following: (1) Cesar stated that he came to the United States not only to avoid the pressure of joining a gang in Honduras, but also to support his wife; and (2) Maycol left Honduras only two days after the birth of his daughter, which suggests that he may have come to the United States for the purpose of acquiring employment to support his daughter. Next, the IJ stated that, given the Country Report and other documentation, he was

aware that Honduras had a problem with gangs and the lawlessness generated by their activities. The IJ found, however, that Cesar and Maycol failed to demonstrate that they had been persecuted or had a well-founded fear of future persecution on account of any of the five statutory grounds. Noting that, under Matter of Vigil, 19 I&N Dec. 572 (BIA 1988), the forced recruitment of young men by guerrilla organizations does not constitute persecution within the meaning of the INA, the IJ found that, similarly, the attempted recruitment of the petitioners by a gang involved exclusively in criminal activities did not constitute persecution.

Additionally, the IJ noted that, with respect to Cesar, although he asserted that he had been recruited on several occasions, he had never been harmed. In the decision regarding Maycol, the IJ stated that, because the Honduran government was attempting to control the lawlessness that exists in that country, he could not find that a reasonable person in the Maycol's situation would fear returning to Honduras on account of any of the five statutory grounds. R1 at 25, 49. Accordingly, the IJ found that the petitioners had failed to meet their burden for asylum. R1 at 26, 49.

The IJ then found that, since the petitioners failed to meet their burden for asylum, they could not meet the higher burden of proof required for withholding

4

of removal under the INA.  Next, the IJ found that the petitioners failed to meet their burden for CAT relief since they had never been tortured, and there was no reason to believe that, upon their return to Honduras, they "would be tortured by the act or acquiescence or consent of an official or person acting in an official capacity."  R1 at 26; 50.

The petitioners appealed the IJ's decision, arguing that they had established that they were persecuted and had a well-founded fear of persecution on account of their membership in a particular social group.  The BIA sent the petitioners a briefing scheduling, which stated that the petitioners had until 12 April 2004, to file a brief.  After the deadline for filing briefs had passed, the petitioners submitted their brief, along with a motion to accept a late-filed brief,  but the BIA denied the petitioners' motion.  Thereafter, the BIA affirmed, without opinion, the IJ's decision.

## II.  DISCUSSION

On appeal, the petitioners argue that the IJ erred by denying their application for asylum and withholding of removal because they established that they suffered persecution, in the form of threats, on account of their membership in a social group.  They identify their social group as "Honduran citizens persecuted for their refusal to join a criminal organization . . . due to their religious

5

and conscientious upbringing." Petitioners' brief at 14. The petitioners further assert that (1) due to "their unwillingness to betray their trained consciences," they would be persecuted if they returned to Honduras, and (2) they "should not be placed in a position in which they will be forced to commit acts that go against their religious upbringing." Id. at 12, 14.

We review the IJ's decision in this case, not the BIA's, because the BIA summarily affirmed the IJ's decision, thereby making that the final agency determination. See Sepulveda v. U.S. Attorney General, _ F.3d _, _ (11th Cir. Mar. 2, 2005). To the extent that the IJ's decision was based on a legal determination, we review the IJ's decision de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). We review the IJ's factual determinations under the substantial evidence standard and "must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Sepulveda, _ F.3d at _ (internal quotations and citation omitted). "Under this highly deferential standard of review, the IJ's decision can be reversed only if the evidence compels a reasonable fact finder to find otherwise." Id. at _. (internal quotations and citation omitted).

An alien who arrives in, or is present in, the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Attorney General has the discretion to grant

asylum if the alien meets the INA's definition of a "refugee."  8 U.S.C.

§ 1158(b)(1).  A "refugee" is:

> [A]ny person who is outside any country of such person's nationality
> . . . and who is unable or unwilling to return to, and is unable or
> unwilling to avail himself or herself of the protection of, that country
> because of persecution or a well-founded fear of persecution on
> account of race, religion, nationality, membership in a particular
> social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A).  The asylum applicant carries the burden of proving

statutory "refugee" status.  Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir.

2001).   If the applicant meets this burden, then the AG may exercise his discretion

to grant the applicant asylum.  Id.  The BIA defines "membership in a particular

social group" as persons who hold "an immutable characteristic" or common trait

"such as sex, color, or kinship ties, or in some circumstances . . . shared past

experience[s] such as former military leadership or land ownership."  Matter of

Acosta, 19 I & N Dec. 211, 233 (BIA 1985), overruled on other grounds by Matter

of Mogharrabi, 19 I & N Dec. 439 (BIA 1987).

To establish asylum eligibility, the alien must, with specific and credible

evidence, establish:  (1) past persecution on account of a statutorily listed factor;

or (2) a "well-founded fear" that the  statutorily listed factor will cause future

persecution.  8 C.F.R. § 208.13(a), (b); Najjar, 257 F.3d at 1287.  A "well-founded

fear" of persecution may be established by showing (1) past persecution that creates a presumption of a "well-founded fear" of future persecution, (2) a reasonable possibility of personal persecution that cannot be avoided by relocating within the subject country, or (3) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the petitioner is a part. 8 C.F.R. § 208.13(b)(1), (2). "[T]he statute protects against persecution not only by government forces but also by nongovernmental groups that the government cannot control." Sotelo-Aquije v. Slattery, 17 F.3d 33, 37 (2nd Cir. 1994).

Neither the INA nor the regulations define "persecution." In Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000), however, we discussed other circuits' holdings that "persecution" is an "extreme concept," requiring more than "a few isolated incidents of verbal harassment or intimidation," or "[m]ere harassment." "[T]o be an act of persecution, the behavior . . . must threaten death, imprisonment, or the infliction of substantial harm or suffering." Sharif v. INS, 87 F.3d 932, 935 (7th Cir. 1996). "Threats alone generally do not constitute persecution; only rarely, when they are so immediate and menacing as to cause significant suffering or harm in themselves, do threats per se qualify as persecution." Vatulev v. Ashcroft, 354 F.3d 1207, 1210 (10th Cir. 2003).

8

If "an applicant is unable to meet the 'well-founded fear' standard for asylum, he is generally precluded from qualifying for either asylum or withholding of deportation." Najjar, 257 F.3d at 1292-93 (internal quotations and citations omitted). The burden of proof for an applicant for withholding of removal under the CAT, as with the applicant under the INA, is higher than the burden imposed on an asylum applicant. Id. at 1303.

Upon careful review of the record on appeal and upon consideration of the parties' briefs, we discern no reversible error.

### III. CONCLUSION

Because a review of the record does not compel the conclusion that the petitioners suffered past persecution or had a well-founded fear of future persecution, substantial evidence supports the IJ's finding that the petitioners failed to demonstrate their eligibility for asylum. Moreover, because the burden of proof for withholding of removal under the INA and the CAT is higher than that for asylum, the IJ also properly denied the petitioners withholding of removal. Accordingly, we deny the petition for review.

**PETITION DENIED.**